IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

ENTERED

FEB 2 4 1992

ORDER BOOK
NO 95 PAGE 31

RICHARD KINCAID, individually
and on behalf of all others
similarly situated,

        Plaintiffs,

v.                    CIVIL ACTION NO. 5:90-1105

JIM BOLT, Sheriff of Wyoming County,
West Virginia; GEORGE W. FORD,
individually and in his official
capacity as Wyoming County Commissioner;
M.R. "RUSS" DAVIS, individually and in
his official capacity as Wyoming County
Commissioner; HAROLD HAYDEN,
individually and in his official
capacity as Wyoming County Commissioner;
and JIM DAVIS, individually and in his
official capacity as Chief Correctional
Officer of the Wyoming County Jail,

        Defendants.

## FINAL ORDER

      This is an action for declaratory and injunctive relief
pursuant to 42 U.S.C. § 1983 to enforce rights under the United
States Constitution and other law. The plaintiffs complain of
conditions of incarceration at the Wyoming County Jail.
Jurisdiction is conferred on this Court by 28 U.S.C. § 1343 and
§ 1344. The defendants are the Wyoming County Sheriff, the
Wyoming County Commissioners, and the Chief Correctional Officer
of the Wyoming County Jail.

      The parties having reviewed the matters in controversy
and reached certain agreements thereon, and being desirous of
resolution of all matters without the admission of the
allegations, hereby apply to the Court for approval of the terms

of the settlement. The court having reviewed the agreement,
hereby determines that it is reasonable in light of the
constitutional and statutory mandates for incarceration of
inmates at the Wyoming County Jail, hereby ORDERS and DECLARES
that all inmates incarcerated in or by Wyoming County have at
least, but are not limited to, the following rights with respect
to conditions and procedures at the Wyoming County Jail, or any
other facility housing Wyoming County inmates, and thereupon
ORDERS that the defendants comply with the following:

I.    EXERCISE

1.    (a)  All inmates shall have an opportunity for
outdoor physical exercise and physical recreation for at least
one hour per day in an outdoor exercise area with adequate space
and equipment provided.  There shall be no exceptions to every
inmate being offered the opportunity for the outdoor exercise,
regardless of weather.  A log shall be kept of the hour, date,
and persons exercising.

(b)  By June 1, 1992, the defendants shall have
available to inmates at the Wyoming County Jail an adequate
outdoor exercise area to be located in front of the jail.

2.    All inmates without exception shall be entitled to
at least one hour of indoor exercise or leisure time activities
per day in the indoor exercise area.  The indoor exercise area
shall be equipped with adequate indoor recreational equipment,
including a weight machine and a ping pong table.

## II.  STAFFING AND CLASSIFICATION

### 3.  Staff

The jail shall have a staff to assure that there are at least two full-time correctional officers on each shift; provided that so long as there is no limitation on the ability of staff to enter cell areas or provide for medical care and other needs during night hours without any delay; on the midnight shift the dispatcher may be considered as the second person during those shifts when the jail has eight or fewer inmates.

### 4.  Recruiting

Each member of the staff must comply with the provisions of Chapter 7, Article 14B of the West Virginia Code within the time limits set forth in that section.  Recruiting and selection of staff shall comply with all applicable laws regarding the recruiting selection, qualifications, promotions, and training of jail staff.  Each member of the staff shall receive the training required by Chapter 7, Article 14B of the West Virginia Code.

### 5.  Classification

A classification system designed for appropriate separation shall be developed.  All persons accused of misdemeanor offenses shall be separated from those accused of felonies as much as possible.

### 6.  Abuse

All inmates shall be treated with respect by jail personnel and any staff member verbally or physically abusing an inmate shall be subject to appropriate disciplinary action.

### III. VISITATION

### 7. Visiting Hours

The jail shall establish reasonable general visiting hours during which inmates may receive visitors. Said scheduled hours shall be of at least three hours in duration. Visitors whose schedules cannot reasonably accommodate the jail's visiting hours shall upon request be granted reasonable special hours. The number of visits with counsel shall not be restricted.

### 8. Posting

Jail authorities shall post the visitation policy so that it is clear to the public and to the residents.

### 9. Limitations; Duration of Inmate Visitation

Residents shall be able to receive any visitor not excluded by court order excepting recent inmates, convicted felons, and solicitors. Visits with counsel shall not be restricted nor shall a visitor's age preclude them from the jail; however, visitors under 18 years of age may be required to be accompanied by a parent or other adult. Each inmate shall be entitled to at least two hours of personal visitation per week. Visits shall not be limited to less than one-half hour. Personal visitation does not include visits by attorneys, officials, counselors, etc.

### 10. Visiting Areas and Procedure

In any facility housing Wyoming County inmates: the visitation area shall afford privacy; shall be across tables with unimpeded visibility and communication; any non-contact

4

visitation area used for persons charged with or convicted of violent crimes, shall afford privacy from other residents, communication without raising of voices above normal conversation levels, and substantially unimpeded visibility or communication ability; contact visitation with spouses and minor children shall be afforded at least once a week to those persons deemed appropriate by the sheriff. An attorney consultation room shall be provided that is private and comfortable.

11. Denial

No inmate shall be denied all visitation for infractions of jail rules unrelated to visitation.

**IV.** **MEDICAL CARE**

12. Receiving Screening

Upon admission or as soon thereafter as practical, a health screening shall be performed and recorded on proper forms to be placed in the resident's file. Admittance screening should be done by trained personnel when available. Screening includes:

(a) Inquiry into current health problems and allergies;

(b) Inquiry into current medication and special health needs;

(c) Inquiry into the use of alcohol and other drugs and any history or problems that occur after ceasing use;

(d) Recording of unique behavioral observations or physical characteristics, including state of consciousness, sweating, conduct, notation of body markings and skin conditions, etc.

(e) Any necessary testing for communicable diseases;

(f) Persons suspected of having a communicable disease should be isolated and immediate arrangements will be made for their transfer to an appropriate treating facility. Persons who are unconscious, injured, or show signs of physical or mental distress, should be examined by health personnel.

13. Any inmate delivered to the jail in need of immediate medical attention at the time of admission shall be referred immediately for emergency care. The jail shall have an approved plan for the use of emergency transportation. Only if in the written opinion of a physician the resident can be safely returned to the jail or infirmary, shall such resident be returned to the jail.

14. Written Medical Services Plan

Written procedures shall be established within 180 days for the following areas:

(a) Receiving screening.

(b) Segregation procedures for contagious residents.

(c) Sick call procedures and methods by which inmates' complaints are processed.

(d) Medicine distribution.

(e) Emergency and first aid procedures.

(f) Screening, care, and referral of mentally ill, retarded, and drug dependent inmates.

(g)   Maintenance of health care records.

(h)   Notification of next of kin in case of serious illness or injury.

(i)   Transportation of residents to mental health facility.

The County Commission shall within 60 days of the entry of this Order provide the financial resources for a responsible physician to have developed and approved said medical services plan.

15.   Sick Call and Records

There shall be daily opportunity to register medical requests and sick call forms shall be supplied for this purpose. On admission all inmates shall be informed in writing of the right to register medical requests, the procedure to do so, and the sick call schedule.

Inmates' Health Complaints

There shall be a regular weekly sick call performed by a licensed health practitioner, nurse, paramedic, or emergency medical technician or other person designated by the responsible physician.  Accurate medical record shall be maintained at all times.  Complete physicals shall be provided to inmates when indicated.

Within fourteen (14) days of admission, a health appraisal shall be completed for each inmate, which shall include a history and examination.

### 16. Emergency Procedures

Arrangement for 24-hour emergency services shall be made to assure coverage for emergencies. Twenty-four hour hospital emergency room facilities or other appropriate medical facility with emergency on-call physician services will be used when necessary. As soon as any on-duty corrections officer or dispatcher suspects an inmate has an emergency medical need, the emergency procedure shall be invoked and the inmate taken to the appropriate facility. Emergency medical needs include but are not limited to serious chest pains, continued vomiting, and unconsciousness.

### 17. First Aid Management

Jail staff on each shift shall have adequate first aid training to provide care in an emergency. Training provided by the Corrections Officers Training Academy satisfies this requirement. Facilities shall maintain first aid equipment.

### 18. Mental Health

The jail shall provide access to treatment for those in need of mental health or substance abuse treatment. The County Commission shall arrange with the local Community Mental Health Center or other competent provider for the provision of services on a regular basis.

In the event that regular treatment is necessary and unavailable, the jailer or person responsible shall arrange for transfer to other appropriate facilities. No person will be

housed in the Wyoming County Jail solely on account of involuntary commitment proceedings pursuant to Chapter 27, Article 5, of the West Virginia Code.

The jail shall provide for an immediate visit from a mental health provider for any person placed in lock-up related to mental health symptoms; an inmate may not be kept in isolation for mental health symptoms for more than 24 hours unless a physician or mental health professional determines that the inmate is a threat to self or others. Transfer to a hospital or state institution may be appropriate. Such inmate will be observed by a jailer on a regular basis (at least once every fifteen minutes) and the observations recorded.

19. Medication

Jail authorities shall keep medications in secure storage. Prescription drugs shall be dispensed only upon a doctor's orders and a log shall be kept of all medications administered. All prescription drugs must be administered and taken in the presence of jail staff.

20. Records

Jail authorities shall maintain residents' medical records involving medical questions or treatment at the jail. Such records shall include admission history and physical questionnaire forms, reports of general medical conditions noted by staff, all physicians' orders, reports of all medication and special diets administered, and all sick call complaints.

21. <u>Serious Injury, Accident or Death</u>

In the event of serious injury, accident or death,
the facility shall immediately notify the resident's designated
representative or family member.  No inmate brought to the jail
showing signs of recent assault or beating shall be admitted to
the jail until after professional medical attention has been
provided, but such person shall be transported to a medical
center for treatment.

## V.  READING AND LEGAL MATERIALS

22. <u>Reading Materials</u>

Jail authorities shall provide an adequate number
and variety of books, magazines, and other reading materials.
Arrangements shall be made with the Wyoming County Library for
provision of additional materials on an established periodic
schedule of reasonable frequency.

23. <u>Writing Materials</u>

Indigent residents shall be afforded, upon request
and without cost, sufficient stationery and postage for all
letters to attorneys, courts, and public officials as needed, as
well as at least two personal letters per week.  The jail shall
make available to all non-indigent residents stationery and
postage for purchase.

24. <u>Periodicals and Books</u>

All inmates shall be allowed to receive at their own
expense books and magazines through the mail on a subscription

basis. There shall be no censorship of legally distributed materials except that materials which interfere with the security and order of the jail may be withheld. These prohibited materials are limited to those promoting illegal drug activities or promoting illegal violent activities. The jail shall make available and accessible an adequate number of periodicals for inmates. Reasonable restrictions may be placed on the number of periodicals in the cell at one time.

25. Law Library

Provision shall be made for reasonable and meaningful access to a law library upon request. No unreasonable time limitations shall be imposed. The law library shall have those publications required by State regulation.

26. Inmate Assistance

Inmates shall have access to paper, typewriters, etc., in order to make effective use of the library.

VI. VENTILATION/LIGHTING/FACILITY

27. Ventilation

Jail officials shall maintain and operate a ventilation system to insure adequate circulation of air and comfortable temperatures.

28. The jail shall comply with the standards and regulations set forth for existing facilities in the State Fire Code, including smoke detectors.

29. Lighting to provide light adequate for reading (20 foot candles at desk level) shall be provided in all cells. Such

lighting improvement shall be accomplished by June 30, 1992.

30.  A fire evacuation plan shall be maintained and posted, and drills conducted as required by state regulation.

## VII.  PERSONAL HYGIENE AND SANITATION

### 31.  Personal Hygiene Supplies

Jail officials shall furnish each inmate with toothbrushes, adequate shaving equipment, toothpaste, shampoo, soap, and toilet paper required for personal hygiene.  Consumable items shall be dispensed at least weekly.  Access to hair cuts shall be provided at least once a month.

### 32.  Clothing

Clothing is to be provided for all inmates by jail officials or inmates shall be allowed to wear personal clothing. Adequate laundry facilities shall be provided to assure that inmates have at least a change of outer garments every other day, and all undergarments daily.  Non-convicted inmates shall not be required to wear clothing issued by the jail for circuit court appearances, but shall have the right to wear personal clothing or street clothing.

33.  Two clean sheets shall be provided at least once a week unless special circumstances require more; clean towels shall be provided at least three times per week.  Inmates shall also be provided with a sanitary blanket and mattress.  Such items shall be replaced with clean ones upon the reasonable request of the inmate.  All inmates shall be afforded daily access to showers.

12

34. <u>Insects</u>

The jail shall maintain a program to assure that living areas remain free of any insect infestation and assuring that inmates are not exposed to unreasonable amounts of pesticide.

35. <u>Cleaning Supplies</u>

Jail officials shall furnish to each floor adequate janitorial materials necessary to keep the jail in a sanitary and healthful condition. All inmates shall be provided sufficient cleaning materials to maintain their cells in a clean condition. A procedure shall be maintained to assure that day rooms and cells are kept clean, mopped, and swept down.

36. <u>Plumbing</u>

All plumbing shall be maintained in working order to accommodate at a minimum one operable toilet and shower for every eight occupants and one operable wash basin for every six occupants in multiple cell areas, and in single cell areas each separate inmate's cell shall have an operable toilet, shower, and wash basin. The bathrooms shall be private with proper partitions and have adequate lighting and ventilation.

## VIII. <u>GRIEVANCE PROCEDURE</u>

37. Jail officials shall establish a grievance procedure by which inmates will have the opportunity to seek redress for violations of the terms of this order, violations of other jail rules and regulations, or other significant interference with the inmates' rights or privileges. The grievance procedure shall

include the opportunity, after notice to the jailer, to present complaints to the Sheriff or his designee who is an impartial party who can require, with approval of the Sheriff, alteration in jail practice or policy as would reasonably satisfy the inmate's grievance.

38. Such grievance shall be answered in writing within 24 hours unless the grievance is directed against an individual, and then to be answered within 72 hours, and proper action taken to insure fair resolution of complaints. If denied, appeal to the Sheriff shall be afforded.

### IX. DISCIPLINE

### 39. Resident Rules of Conduct

Written rules of conduct shall specify, with reasonable precision, acts prohibited within the jail, and the type of penalties which may be imposed. The rules must inform residents of their right to good time credit for compliance with jail rules. Procedures for discipline and the rules of conduct shall be posted and residents shall be informed of them.

### 40. Punishment of Resident Conduct

Punishment must conform to written rules and be reasonably related to the nature of the offense. There must be a maximum time limit set on every punishment.

41. Inmates placed in segregation/disciplinary detention shall not be denied rights to daily indoor and outdoor exercise, visitation, daily showers, hot and cold running water, daily telephone access, medical treatment, adequate light, food,

towels, sheets, bedding, clothing, legal materials, or reading and writing materials; except that exercise, visitation, and telephone access may be limited to the extent that the offense is related thereto, and then only to the extent necessary to prevent a similar violation in connection therewith.

42.  (a)  Notice of disciplinary actions shall be given to residents on the form entitled "Notice to Inmate of Disciplinary Action."

(b)  Misbehavior will be promptly reported and dealt with.  If a penalty is contemplated, a misconduct report will be provided to the individual within 24 hours of the violation, or discovery of the violation, specifying the rule violated, the facts surrounding the same, and the suggested penalty.

(c)  Minor Misconduct.  The jailer in charge may impose a minor penalty, i.e., recorded reprimand, loss of privilege(s) for up to seven days or loss of trusty status for up to seven days.  A misconduct report will be completed by the officer in charge within 24 hours of the violation, or discovery of the violation.  The resident will be advised that he/she may appeal the decision to the Sheriff, or other impartial designee of the Sheriff, with an opportunity afforded to present the inmate's position.  Imposition of the penalty shall not begin until after the inmate has either exhausted his or her appeal rights or indicated that he or she does not wish to exercise these appeal rights (excepting those residents whose sentence would otherwise expire without imposition of penalty).

15

(d) <u>Major Misconduct</u>. All misbehavior which involves a penalty of more than a recorded reprimand or loss of either a privilege or trusty status for more than seven days, shall be imposed only after the resident has had an opportunity to be heard. The opportunity to be heard shall be within three days (excluding weekends and holidays) of the infraction following the procedure specified. The hearing may be postponed or continued for a reasonable time through a written waiver by the inmate or for documented good cause. The inmate may be placed in pre-hearing detention only if the resident's behavior affects the security of the facility, or to insure the safety of the inmate, but not to exceed two (2) days without a hearing. The misconduct report shall be completed by the officer and provided the inmate within 24 hours of the violation or discovery thereof. At least 24 hours prior to the hearing, the inmate shall receive the misconduct report.

43. <u>Penalties</u>

Penalties can include cell restriction or deadlock, loss or restriction of good conduct time, loss or restriction of work or other release rights, or loss of privileges or trusty status for more than seven (7) days.

44. <u>Opportunity to Be Heard</u>

(a) The Sheriff shall designate himself/herself or another impartial person or panel to conduct informal hearings.

(b) In such hearing, each side shall be afforded the opportunity to be present, and offer testimony from

themselves and from voluntary witnesses. The offender will be expected to present his/her version of the alleged offense and admit or deny the truth of the charges, unless he/she asserts a constitutional privilege. The orderly cross-examination of witnesses will be permitted. However, repetitive or irrelevant testimony may be limited. Within five days a written finding will be made and furnished to the resident when a major misconduct penalty is imposed. The finding shall include reasons for the decision (based on credible evidence), and the specific disciplinary action to be taken, including time limits on punishment. No person shall have a penalty imposed absent this procedure unless the inmate waives his right to be present at the hearing in writing.

(c)  The inmate can appeal to the Sheriff for review of all decisions.

(d)  The Sheriff can decrease but not increase the punishment.

45.  Inmates who are removed from jobs for disciplinary reasons without further penalty shall be afforded the opportunity to be heard in accord with the procedures for minor misconduct.

46.  Correctional officer staff that do not comply with the terms of this Order shall be appropriately disciplined.

X.  **FOOD**

47.  Adequacy of Meals

Residents shall be provided a nutritionally balanced diet. A rotation of at least four weeks' duration of planned

17

menus for nutritionally adequate meals from an approved menu shall be followed in the preparation of all meals at the Wyoming County Jail, and such meals shall be prepared under the direction of a food service employee at all times. All meals shall be of adequate variety, served hot [two meals a day] and substitutions shall be of equal nutritional value. Inmates shall be provided all necessary utensils and drinking cups with each meal.

48. <u>Frequency of Meals</u>

Three regular meal times shall be scheduled during each 24-hour period with no more than 13 hours between the evening meal and breakfast.

49. <u>Records</u>

A daily menu of food served shall be kept. Monthly records of the daily per capita cost of feeding residents shall also be kept. <u>W. Va. Code</u> § 7-8-2a.

50. <u>Preparation</u>

Persons involved in preparation and serving shall meet all applicable health laws and regulations.

51. <u>Equipment</u>

Food service facilities and equipment shall meet all applicable health and safety standards set by the West Virginia Department of Health.

52. <u>Special Diets</u>

Special diets required by medical or religious reasons shall be provided. The chief cook shall receive adequate training in the preparation of special diets.

### 53. Restriction of Food

The quality or quantity of food offered shall never be restricted as a disciplinary response.

### 54. Location

All residents shall be provided with an eating area with table or shelf and chair or bench, which shall not be in close proximity to commodes.

## XI. EDUCATION

55. Within thirty days of the entry of this Order, GED programming shall be available to all appropriate inmates at least one day per week.

### 56. Vocational Programs

Inmates, who are in the discretion of the Sheriff appropriate candidates, shall be provided access to and offered vocational programs. Respondents shall also arrange for an alcoholism rehabilitation and drug awareness program to be established and maintained with regular meetings.

### 57. Release for Work And Other Purposes

The jail shall set up a procedure for the implementation of work release pursuant to W. Va. Code § 62-11A-1 & 2. Jail officials shall post a notice that inmates may apply to the circuit judge, or the judge's designee, for work release. All requests for pre-release or work release shall be presented to the circuit judge.

58. Counseling (other than religious) shall be available to residents who desire it.

59.   Work Crews

        The Sheriff shall develop within 60 days written
resident work procedures pursuant to W. Va. Code § 17-15-4 for
persons confined in the county jail, imprisoned under conviction,
or awaiting trial applicable to those inmates who voluntarily
consent to perform labor, for work in and upon the buildings,
grounds, institutions, bridges, and other public works of the
county, to be employed by the county commission directly, by the
Sheriff, or by other public officials.   The Court declares that
"other public works of the county" as contemplated by W. Va. Code
§ 17-15-4 include properties, projects, and buildings of the
municipalities within the county, and tax supported community
service agencies.

        60.   Good Time

        The good time policy of the jail shall be
coordinated with the vocational, educational, and work programs.

        **XII. MAIL**

        61.   Outgoing mail for inmates shall not be opened or
read except by circuit court order or good cause shown; that is,
with respect to a particular inmate for which there is reliable
information that there is a threat to order and security or that
the mail is being used in furtherance of illegal activity.
Outgoing mail may be sealed by the inmate before delivery to jail
staff and mailed within twenty-four (24) hours.

        62.   Incoming mail may be opened and searched for
contraband, and unless with respect to a particular inmate for

good cause shown or the circuit court has directed otherwise, shall not be read by jail staff under any circumstances.

63. Indigent inmates shall be entitled to two letters per week postage free with all materials provided, plus additional materials and postage for official correspondence as needed.

64. Packages will be accepted through the jail for inmates. Upon receipt of the package, the package may be opened and searched for contraband. The jail may exclude food and contraband.

65. The return address of inmates of mail going to individuals shall not require the use of identification at the Wyoming County Jail.

### XIII. OTHER

66. All inmates shall be given receipts for items which are confiscated or stored and signed receipts shall be dated and list the items so confiscated or stored.

67. Cell doors within Cell Blocks A and B shall not be locked. Cells on the second floor shall not be used for isolation purposes or to confine inmates. The cells may be used for storage or for trusties.

68. All inmates eligible to vote will be permitted to do so. The jail shall in a timely fashion prior to the election publish a memo advising inmates of their right to register and vote.

69.  Each bullpen shall be equipped with a standard coin phone or regular no-pay phone for local calls, and access shall be assured from 8:00 a.m. until 10:00 p.m.

70.  Measures shall be taken to assure privacy when correctional officers of the opposite sex are used in an area.

71.  A copy of this Order shall be posted and maintained in an accessible place in each cellblock area.  The Sheriff shall prepare and forward a report to counsel for plaintiff and the county commissioners detailing activities in compliance with paragraphs 1(a), 2, 3, 14, 15, 18, 22, 23, 24, 25, 29, 31, 36, 39, 48, 55, 56, 59, and 69.  This report shall be prepared and submitted every three (3) months for 1992 and annually thereafter.

### XIV. NEW CONSTRUCTION

72.  Any new physical facility housing full-time Wyoming County inmates shall afford residents cell space in compliance with state regulations.

73.  The class consists of all persons who are now or will be in the future (1) incarcerated in the Wyoming County Jail, or (2) incarcerated in any jail facility in Wyoming County, or in another county, regional, or otherwise, solely for the reason that such person is charged with a state or municipal offense which is committed in Wyoming County.

74.  At that time when the State Regional Jail and Prison Authority opens a regional jail for Wyoming County inmates and the current facility is designated as a holding facility, to the

22

extent that the requirements of this Order exceed the standards for a temporary holding facility promulgated by the Regional Jail and Prison Standards Commission for such a facility, such standards shall supersede the requirements of this Order.

75. This Order settles all issues in this proceeding as set forth, except damages to the named plaintiff and fees.

Enter this 24th day of February, 1991.

_____
UNITED STATES DISTRICT JUDGE

_____
Counsel for Plaintiff

_____
Counsel for Defendant